Argued May 11; attorney suspended June 8, 1937

## In re GLOVER

(68 P. (2d) 766)

John W. Reynolds, George Neuner and Jay Bowerman, all of Portland, for petitioner.

Charles A. Hart and Clifford G. Holland, both of Portland, for Oregon State Bar.

RAND, J. In a proceeding brought before the Oregon State Bar, Ronald C. Glover, a member of the bar of this state, was tried upon charges of unprofessional conduct and of the giving of false testimony in a hearing before the county court for Marion county in a contest of a will. In those proceedings he acted both as attorney for the proponent of the will and as a witness to establish the will. While so testifying, he testified that a document offered for probate and purporting to be the last will and testament of Clark Bundy, deceased, had been prepared by him for execution by said deceased and had by him been mailed to decedent when,

in fact, he knew that it was not the instrument which he had prepared or, if not so knowing at the time he gave the testimony, he was informed by the proponent of the will that she had written the will herself and that it was not the one prepared by him, and this information was given to him while said proceedings were then pending and in time for him to have corrected his testimony, or have the proponent herself testify as to the truth of the matter. Instead of making said correction or having the same made by the proponent who had written the document, he permitted his testimony to stand, without disclosing its falsity, and attempted to induce that court to act upon the truth of his testimony, and later upon an appeal first to the circuit court, then to this court, he made no such disclosure and, through his false testimony, sought to establish the validity of the will.

The contest over the alleged will was finally decided by this court in *In re Bundy's Estate,* 153 Or. 234 (56 P. (2d) 313, 106 A. L. R. 714), in which decision the alleged will was held to be invalid and not entitled to probate. The facts surrounding the preparation and alleged execution by Bundy of the fictitious will were set forth in that opinion and need not be restated here. It is there recited, among other things, that the evidence failed to show that the testimony given by Glover in support of the will was known by him at the time to be false. The fact that he did have such knowledge when giving his testimony seems to be overwhelmingly established from the evidence offered in the disbarment proceedings.

This case is here upon the recommendation of the Board of Governors of the Oregon State Bar Association, recommending that Glover be suspended from

the practice of law for the period of three years. In these proceedings, which were brought pursuant to the provisions of chapter 28, Laws 1935 (now sections 32-104 to 32-134, Oregon Code Supplement 1935), this court is authorized to adopt, modify or reject the order of recommendation of the Board of Governors and to make all appropriate orders in conformity thereto.

The sole question presented for decision here is whether the order of recommendation of the Board of Governors of the Oregon State Bar should be affirmed, rejected or modified.

In the hearing before the trial committee, appointed by the Board of Governors under the provisions of the act referred to, it found, and the charges so found were sustained by the Board of Governors, as follows:

"That Ronald C. Glover did then and there falsely testify under oath that said will was typed in his office by his stenographer on a typewriter owned and possessed by him. That it appears by clear and convincing evidence and we find that the said Glover did either knowingly, wrongfully and feloniously so testify with intent to deceive and mislead the court and to hamper and obstruct the due and proper administration of justice, or that said Glover did so falsely testify with reckless disregard for the truth and without such inquiry and investigation as was then and there his duty to make.

"The evidence upon the issue of the alleged perjury of the defendant Glover as set forth in the first cause of complaint of the Oregon State Bar, although weighty, is not of such clear and convincing character as to require us to find that the defendant committed perjury as therein alleged. We do find that the defendant then and there, with knowledge or means of knowledge of the falsity of his said testimony, did testify as herein set forth with reckless disregard of the truth,

that he had a duty to investigate concerning the truth of the matters to which he testified and that he recklessly failed so to investigate.''

''That after having so testified and during the course of the trial Roxy B. Coulson did inform Ronald C. Glover that she had typed the will on a typewriter and stationery owned by her and had made certain material changes so that the said will executed by the said testator was materially different from the form of will theretofore prepared by Ronald C. Glover, and the said Ronald C. Glover did then and there have actual knowledge of the truth of said statements of Roxy B. Coulson to him and though he thereafter testified did then and there wrongfully fail to correct the false testimony theretofore given by him and did fail to testify that in fact said will had not been typewritten in his office, on his stationery and on his typewriter and that it was not a will that he had prepared, but knowingly intentionally permitted his said previously false testimony to stand uncorrected with intent on his part that said County Court should consider and rely upon said false testimony theretofore and therein given by the said Ronald C. Glover, with the result that the said court was thereby misled.''

''That the said Ronald C. Glover, with intent and purpose on his part to deceive and mislead the court and to obstruct the due and proper administration of justice, did knowingly and intentionally fail to inquire of the said Roxy B. Coulson, whether, and to cause the said Roxy B. Coulson to testify that, in fact she had typewritten said will on her own typewriter and stationery although he then and there well knew and had been informed by the said Roxy B. Coulson that she had so typewritten said will on her own typewriter and on her own stationery, and with like purpose and intent the said Ronald C. Glover did knowingly and intentionally refrain from making inquiry of the said Roxy B. Coulson whether, and adduce the testimony of the said Roxy B. Coulson that, she had herself typewritten said will upon her own typewriter and upon her

own stationery and that said will was not a will prepared by the said Ronald C. Glover on his typewriter, in his office or on a typewriter owned by or in his possession or by a stenographer or clerk in his office or in his employ or by anyone at his instance or at his direction.''

After a careful examination and study of the records and files before us and of the evidence offered in the disbarment proceedings, we are constrained to find that the charges made against Mr. Glover and the findings made by the Oregon State Bar have been fully sustained.

The Oregon State Bar is an agency of the state and is, by the act creating it—chapter 28, Laws 1935—authorized to carry out its provisions. It includes in its membership all persons entitled to practice law in this state. The act provides for a Board of Governors consisting of nine members of the State Bar, three to be elected from each of the three congressional districts of the state. It provides, among other things, that the Board of Governors, with the approval of the State Bar given at any regular or special meeting, shall formulate rules of professional conduct and that, when such rules are adopted by the supreme court, shall have power to enforce the same. It makes such rules binding upon all members of the State Bar and gives to the Board of Governors the power, after a hearing of charges against any of its members warranting disbarment or suspension for breach of professional conduct or for the violation of any statutory provision, to make an order recommending to the supreme court the disbarment, suspension or discipline of such offending member. It provides the manner for filing charges against a member of the State Bar and of giving notice

thereof to the member charged and of the hearing to be had thereon, and it gives to the accused member the right, at any time within 60 days after the filing of such recommendation, to petition this court to review said recommendation and to affirm or disaffirm, modify or reject the order of recommendation.

We find no ground upon which this court would be authorized, in the face of this record, to set aside said findings or to refuse to follow the recommendations made by the Board of Governors in the instant proceedings. For that reason, it is hereby ordered that Ronald C. Glover be suspended from the practice of law in this state for the period of three years from and after the date of the entry of this order.

KELLY, CAMPBELL and BELT, JJ., not sitting.